Phillip Barengolts (pro hac vice pending)
Jessica A. Ekhoff (pro hac vice pending)
Kristine A. Bergman (pro hac vice pending)
PATTISHALL, MCAULIFFE, NEWBURY,
HILLIARD & GERALDSON LLP
200 South Wacker Drive, Suite 2900
Chicago, IL 60606
(312) 554-8000
pb@pattishall.com
jae@pattishall.com
kab@pattishall.com

Scott Lonardo (SB#285001)
PRANGER LAW PC
88 Guy Place, Suite 405
San Francisco, CA 94105
(415) 885-9800
slonardo@prangerlaw.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERRARA CANDY COMPANY,<br><br>   Plaintiff,<br><br>vs.<br><br>TOPS CANNABIS,<br><br>   Defendant. | Civil Action No. 2:20-cv-10349<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>1. **TRADEMARK INFRINGEMENT [15 U.S.C. § 1114]**<br>2. **UNFAIR COMPETITION [15 U.S.C. § 1125(a)(1)(A)]**<br>3. **TRADEMARK DILUTION [15 U.S.C. § 1125(c)]**<br>4. **UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE, § 17200, *ET SEQ.***<br>5. **DILUTION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 14330-14335**<br>6. **CALIFORNIA COMMON LAW UNFAIR COMPETITION** |

)
) **JURY TRIAL DEMANDED**
)

## COMPLAINT

This is an action for trademark infringement, unfair competition, and dilution in violation of federal and California state law.

## PARTIES

1. Plaintiff Ferrara Candy Company is an Illinois corporation, having offices at 404 West Harrison Street, Chicago, Illinois 60607 ("Ferrara").

2. On information and belief, defendant Tops Cannabis ("Tops"), is a California business having offices at 964 East Badillo Street, #515, Covina, California 91724.

## JURISDICTION AND VENUE

3. This Court has jurisdiction because (1) this is an action arising under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051, *et seq*. (the Lanham Act), jurisdiction being conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) and (b); and (2) this is a civil action between a citizen of California on one side and a citizen of Illinois on the other side, in which the value of the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, jurisdiction being conferred in accordance with 28 U.S.C. § 1332. Jurisdiction for the claims made under California state law is conferred in accordance with the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims alleged herein occurred in this district, and under 28 U.S.C. § 1391(c) because Tops is subject to this Court's personal jurisdiction for purposes of this case.

# FACTS

## FERRARA'S PRODUCTS AND FAMOUS TRADEMARKS

5. Ferrara makes, distributes, and markets well-known candy products, including NERDS candy, and sells its candy throughout the United States.

6. Since its introduction in the 1980s, the NERDS candy brand has achieved enormous commercial success as reflected in its extensive sales, and supported by its effective marketing and promotional campaigns throughout the United States, including in California.

7. Currently, Ferrara makes, distributes, and markets four lines of NERDS products: NERDS candy; BIG CHEWY NERDS candy; NERDS ROPE candy; and its latest, NERDS GUMMY CLUSTERS candy. Representative images of these products appear below:



  

8. Since long prior to Tops' acts complained of herein, Ferrara has made continuous use of the trademarks NERDS, , and NERDS ROPE (collectively, "NERDS Marks") in connection with candy products.

9. Ferrara owns, among many others, the following federal trademark registrations issued by the United States Patent and Trademark Office for the NERDS Marks:

| MARK | REG. NO. | REG. DATE | RELEVANT GOODS |
|---|---|---|---|
| NERDS | 2,209,131 | December 8, 1998 | Candy in Class 30 |
| NERDS (logo) | 4,400,174 | September 10, 2013 | Candy in Class 30 |

10. These registrations are valid, subsisting and incontestable, and constitute conclusive evidence of Ferrara's exclusive right to use the NERDS Marks for the goods specified in the registrations. 15 U.S.C. §§ 1065, 1115(b).

11. Ferrara especially has marketed its NERDS and NERDS ROPE candy products to parents as a fun and enjoyable treat for children of all ages. Therefore, Ferrara would never condone or authorize the use of the NERDS Marks in connection with products that could be harmful to children.

12. As a result of Ferrara's extensive sales, promotion, and advertising of candy products under the NERDS Marks, the NERDS Marks have become famous among the general consuming public of the United States, and represent an extraordinarily valuable goodwill owned by Ferrara.

## THE UNAUTHORIZED DISTRIBUTION OF "MEDICATED NERDS ROPE"

13. Recently, many bad actors have sought to benefit off the goodwill embodied by the NERDS marks and in doing so are endangering consumers' well-being.

14. The bad actors have infused NERDS ROPE candy with more than *400 milligrams of THC – **more than 40 adult servings of THC***. Under California law,

edible cannabis products (such as cookies and gummies) have a THC limit of 10 milligrams per serving. California Bus. & Prof. Code, Ch. 13 § 26130. Ferrara has *not* consented to such uses of its NERDS Marks, and in fact is actively enforcing its NERDS Marks against such uses to protect its consumers from inadvertent consumption of THC.

15. These bad actors label the THC-infused NERDS ROPE candy as "Medicated Nerds Rope," as shown in the example below:

16. As shown in the comparison below, this Medicated Nerds Rope packaging is highly similar to the packaging used by Ferrara for its NERDS ROPE candies:

| **Ferrara's Product** | **Tops' Product** |
|---|---|
|  | |

17. Unsurprisingly, consumers are likely to be and actually have been confused by the similar product packaging and have been led to believe, mistakenly, that the Medicated Nerds Rope products are authorized, endorsed by, or affiliated with Ferrara.

18. As a result of the resulting confusion between Ferrara's NERDS ROPE candy and the unauthorized THC-infused Medicated Nerds Rope, children have become sick from ingesting the unauthorized THC-infused Medicated Nerds Rope.

- 5 -

Even more alarming, there have been multiple reports of children being rushed to emergency rooms after unknowingly consuming THC when they mistakenly ate THC-infused Medicated Nerds Rope.

19. The unauthorized sale of Medicated Nerds Rope products is a health hazard to the consuming public, including children.

20. Indeed, states across the United States have recognized the hazard posed by cannabis products that are designed to appeal to children or that are packaged to look like popular candy or grocery items, and have enacted statutes restricting how such products may be labeled and packaged.

21. In California, for example, the Medicinal and Adult-Use Cannabis Regulation and Safety Act expressly prohibits the use of packaging and labeling designed to be appealing to children or to be easily confused with commercially sold candy or foods that do not contain cannabis, and so would prohibit the sale of Medicated Nerds Rope.

**TOPS' SALE OF UNAUTHORIZED MEDICATED NERDS ROPE PRODUCTS**

22. Ferrara recently learned that Tops was a significant seller of unauthorized Medicated Nerds Rope products.

23. Tops has sold, promoted, distributed, and authorized, or otherwise contributed to the sale, promotion, and/or distribution by others of products labeled Medicated Nerds Rope consisting of NERDS ROPE product, or imitations of Ferrara's genuine products, infused with THC/cannabis, as shown in the below image from Tops' website:



24. On information and belief, Tops knowingly and willfully used the name "Medicated Nerds Rope" to trade upon the goodwill in the NERDS Marks and give Tops' cannabis-infused products a salability they would not otherwise have.

25. Ferrara does not produce, distribute, or sell any candy products containing THC/cannabis nor has it authorized any other entity, including Tops, to do so.

26. Ferrara attempted to resolve this dispute by contacting Tops, including advising it of the health hazards posed to children by Medicated Nerds Rope. At first, an individual named "Sally Archer" responded to Ferrara on behalf of Tops and agreed to work with Ferrara on finding an amicable resolution. After this initial response, Ferrara never heard from "Sally Archer" again. Indeed, when Ferrara reached a different representative of Tops, they claimed that no one named Sally Archer has ever worked for or been affiliated with Tops. Ferrara continued to try to discuss a resolution of this dispute with Tops, through a different representative, if possible, but never received another response.

27. Thus, Tops is well-aware of the health hazard posed by Medicated Nerds Rope, the confusion caused by Tops sale of these products, and Ferrara's objections to

the sales. There can therefore be no question that Tops' marketing and sale of Medicated Nerds Rope is willful and in callous disregard to both Ferrara's rights and the health of the consuming public, especially children.

## FIRST CLAIM FOR RELIEF

## (TRADEMARK INFRINGEMENT IN VIOLATION OF

## SECTION 32 OF THE LANHAM ACT)

28. Ferrara re-alleges paragraphs 1 through 27 as if fully set forth herein.

29. Without Ferrara's consent, Tops has used the NERDS Marks in commerce in connection with the sale, offering for sale, distribution, and/or advertising of candy infused with THC. These acts have caused or are likely to cause confusion, mistake, or deception as to the source of origin, sponsorship, or approval of the "Medicated Nerds Rope" products that Tops sells in that purchasers and others are likely to believe Ferrara authorizes and controls Tops' sale of the "Medicated Nerds Rope" products in the United States or that Tops is associated with or related to Ferrara.

30. Tops' acts are likely to injure and, on information and belief, have injured Ferrara's image and reputation with consumers in the United States by creating confusion about, and dissatisfaction with, Ferrara's NERDS candy.

31. Tops' acts are likely to injure and, on information and belief, have injured Ferrara's business reputation and relations with retail accounts in the United States by causing customer dissatisfaction, a diminution in value of the goodwill associated with the NERDS Marks, and a loss of Ferrara's sales and market share to its competition.

32. On information and belief, Tops' sale, offering for sale, distribution, and/or advertising of "Medicated Nerds Rope" products in the United States have been committed deliberately and willfully, with knowledge of Ferrara's exclusive rights and goodwill in the NERDS Marks and with a bad faith intent to cause confusion and trade on Ferrara's goodwill.

33. Tops' acts constitute an infringement of Ferrara's trademark rights in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

34. Tops' acts greatly and irreparably damage Ferrara and will continue to so damage Ferrara unless restrained by this Court; wherefore, Ferrara is without an adequate remedy at law. Accordingly, Ferrara is entitled to, among other things, an order enjoining and restraining TOPS from selling any "Medicated Nerds Rope" products, as well as to Tops' profits, Ferrara's reasonable attorneys' fees, and any other remedies provided by 15 U.S.C. §§ 1116 and 1117.

## SECOND CLAIM FOR RELIEF
## (UNFAIR COMPETITION IN VIOLATION OF
## SECTION 43(a) OF THE LANHAM ACT)

35. Ferrara re-alleges paragraphs 1 through 27 as if fully set forth herein.

36. Without Ferrara's consent, Tops has used the NERDS Marks in commerce in connection with the sale, offering for sale, distribution, and/or advertising of the "Medicated Nerds Rope" products. These acts have caused or are likely to cause confusion, mistake or deception as to the source of origin, sponsorship or approval of the "Medicated Nerds Rope" products Tops sells in that purchasers and others are likely to believe Ferrara authorizes and controls Tops' sale of the "Medicated Nerds Rope" products in the United States or that Tops is associated with or related to Ferrara.

37. Tops' acts are likely to injure and, on information and belief, have injured Ferrara's image and reputation with consumers in the United States by creating confusion about, and dissatisfaction with, the "Medicated Nerds Rope" products.

38. Tops' acts are likely to injure and, on information and belief, have injured Ferrara's business reputation and relations with retail accounts in the United States by causing customer dissatisfaction, a diminution in value of the goodwill associated with the NERDS Marks, and a loss of Ferrara's sales and market share to its competition.

39. On information and belief, Tops' sale, offering for sale, distribution, and/or advertising of "Medicated Nerds Rope" products in the United States have been committed deliberately and willfully, with knowledge of Ferrara's exclusive rights and goodwill in the NERDS Marks and with a bad faith intent to cause confusion and trade on Ferrara's goodwill.

40. Tops' acts constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41. Tops' acts greatly and irreparably damage Ferrara and will continue to so damage Ferrara unless restrained by this Court; wherefore, Ferrara is without an adequate remedy at law. Accordingly, Ferrara is entitled to, among other things, an order enjoining and restraining TOPS from selling any "Medicated Nerds Rope" products, as well as to Tops' profits, Ferrara's reasonable attorneys' fees and any other remedies provided by 15 U.S.C. §§ 1116 and 1117.

**THIRD CLAIM FOR RELIEF**
**(DILUTION IN VIOLATION OF**
**SECTION 43(c) OF THE LANHAM ACT)**

42. Ferrara re-alleges paragraphs 1 through 27 as if fully set forth herein.

43. The NERDS Marks are famous and are widely recognized by the general consuming public of the United States as a designation of source of Ferrara's confectionary products.

44. Tops' acts as described herein began after the NERDS Marks became famous and are likely to and have tarnished Ferrara's valuable business reputation and goodwill and are likely to blur the distinctiveness of the famous NERDS Marks.

45. Tops' acts are likely to cause and have caused dilution by tarnishment and blurring of the famous NERDS Marks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

46. On information and belief, Tops' sale, offering for sale, distribution, and/or advertising of "Medicated Nerds Rope" in the United States have been committed deliberately and willfully, with knowledge of Ferrara's exclusive rights and goodwill in the NERDS Marks and with a bad faith intent to cause dilution of the NERDS marks.

47. Tops' acts greatly and irreparably damage Ferrara and will continue to so damage Ferrara unless restrained by this Court; wherefore, Ferrara is without an adequate remedy at law. If not restrained Tops will have unfairly derived and will continue to unfairly derive income, profits, and business opportunities as a result of their acts of dilution. Accordingly, Ferrara is entitled to, among other things, an order enjoining and restraining Tops from selling any "Medicated Nerds Rope" products, as well as to Tops' profits, Ferrara's reasonable attorneys' fees, and any other remedies provided by 15 U.S.C. §§ 1116 and 1117.

**FOURTH CLAIM FOR RELIEF**

**(UNFAIR COMPETITION IN VIOLATION OF**

**CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200 et seq)**

48. Ferrara re-alleges paragraphs 1 through 27 as if fully set forth herein.

49. Without Ferrara's consent, Tops has appropriated for its own use Ferrara's NERDS Marks.

50. Tops has used the NERDS Marks in commerce in connection with the sale, offering for sale, distribution, and/or advertising of "Medicated Nerds Rope" products. These acts have caused or are likely to cause confusion, mistake, or deception as to the source of origin, sponsorship, or approval of the "Medicated Nerds Rope" products that Tops sells in that purchasers and others are likely to believe Ferrara authorizes and controls Tops' sale of "Medicated Nerds Rope" products in California or that Tops is associated with or related to Ferrara.

51. Tops' acts are likely to injure and, on information and belief, have injured Ferrara's image and reputation with consumers in California by creating confusion about, and dissatisfaction with, the "Medicated Nerds Rope" products.

52. Tops' acts are likely to injure and, on information and belief, have injured Ferrara's business reputation and relations with retail accounts in California by causing customer dissatisfaction, a diminution in value of the goodwill associated with the NERDS Marks, and a loss of Ferrara's sales and market share to its competition.

53. On information and belief, Tops' sale, offering for sale, distribution, and/or advertising of "Medicated Nerds Rope" products in the United States have been committed deliberately and willfully, with knowledge of Ferrara's exclusive rights and goodwill in the NERDS Marks and with a bad faith intent to cause confusion and trade on Ferrara's goodwill.

54. Tops' acts constitute unfair competition in violation of California Business and Professions Code §§ 17200 et seq.

55. Tops' acts greatly and irreparably damage Ferrara and will continue to so damage Ferrara unless restrained by this Court; wherefore, Ferrara is without an adequate remedy at law. Accordingly, Ferrara is entitled to, among other things, an order enjoining and restraining Tops from selling any "Medicated Nerds Rope" products, as well as to Tops' profits and other remedies provided by California Business and Professions Code §§ 17200 et seq.

**FIFTH CLAIM FOR RELIEF**

**(DILUTION IN VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 14330-14335)**

56. Ferrara re-alleges paragraphs 1 through 27 as if fully set forth herein.

57. The NERDS Marks are famous and are widely recognized by the general consuming public of the United States and of California as a designation of source of the confectionary products.

58. Tops' acts as described herein began after the NERDS Marks became famous and have diluted the distinctive quality of the famous NERDS Marks in violation of California Business and Professions Code §§ 14330-14335.

59. On information and belief, Tops' sale, offering for sale, distribution, and/or advertising of "Medicated Nerds Rope" products in California have been committed deliberately and willfully, with knowledge of Ferrara's exclusive rights and goodwill in the famous NERDS Marks and with a bad faith intent to cause dilution of the NERDS Marks.

60. Tops' acts greatly and irreparably damage Ferrara and will continue to so damage Ferrara unless restrained by this Court; wherefore, Ferrara is without an adequate remedy at law. If not restrained, Tops will have unfairly derived and will continue to unfairly derive income, profits, and business opportunities as a result of Tops' acts of dilution. Accordingly, Ferrara is entitled to, among other things, an order enjoining and restraining Tops from selling any "Medicated Nerds Rope" products, as well as to Tops' profits and other remedies provided by California Business and Professions Code §§ 14330-14335.

### SIXTH CLAIM FOR RELIEF
### (UNFAIR COMPETITION IN VIOLATION
### OF CALIFORNIA COMMON LAW)

61. Ferrara re-alleges paragraphs 1 through 27 as if fully set forth herein.

62. Without Ferrara's consent, Tops has appropriated for its own use Ferrara's NERDS Marks.

63. Tops has used the NERDS Marks in commerce in connection with the sale, offering for sale, distribution, and/or advertising of "Medicated Nerds Rope" products. These acts have caused or are likely to cause confusion, mistake, or deception as to the source of origin, sponsorship, or approval of the "Medicated Nerds Rope" products that Tops sells in that purchasers and others are likely to believe Ferrara authorizes and

controls Tops' sale of Medicated Nerds Rope" in California or that Tops is associated with or related to Ferrara.

64. Tops' acts are likely to injure and, on information and belief, have injured Ferrara's image and reputation with consumers in the United States by creating confusion about, and dissatisfaction with, the "Medicated Nerds Rope" products.

65. Tops' acts are likely to injure and, on information and belief, have injured Ferrara's business reputation and relations with retail accounts in California by causing customer dissatisfaction, a diminution in value of the goodwill associated with the NERDS Marks, and a loss of Ferrara's sales and market share to its competition.

66. On information and belief, Tops' sale, offering for sale, distribution, and/or advertising of "Medicated Nerds Rope" products in California have been committed deliberately and willfully, with knowledge of Ferrara's exclusive rights and goodwill in the NERDS Marks and with a bad faith intent to cause confusion and trade on Ferrara's goodwill.

67. Tops' acts constitute unfair competition in violation of California common law.

68. Tops' acts greatly and irreparably damage Ferrara and will continue to so damage Ferrara unless restrained by this Court; wherefore, Ferrara is without an adequate remedy at law. Accordingly, Ferrara is entitled to, among other things, an order enjoining and restraining Tops from selling any "Medicated Nerds Rope" products, as well as to Tops' profits and other remedies provided by California law.

## **PRAYER FOR RELIEF**

WHEREFORE, Ferrara prays that:

1. Tops, its successors, assigns, affiliates, subsidiaries, officers, employees, agents, representatives, and all others in active concert or participation with them, be permanently enjoined from the importation into, and the dealing, marketing, sale or distribution in the United States, of "Medicated Nerds Rope" products;

2. Tops, and all others holding by, through or under Tops, be required, jointly and severally, to:

    a. account for and pay over to Ferrara all profits derived by Tops from its acts of trademark infringement and unfair competition in accordance with 15 U.S.C. § 1117(a) and California common law, and Ferrara asks that this award be trebled in accordance with 15 U.S.C. § 1117(a);

    b. pay to Ferrara the costs of this action, together with reasonable attorneys' fees and disbursements, in accordance with 15 U.S.C. § 1117(a);

    c. destroy all of the "Medicated Nerds Rope" products in its possession, including packaging, and any advertising, marketing, or promotional materials that include references to the "Medicated Nerds Rope" products;

    d. send a notice to any existing customers that the importation, dealing in, sale, marketing, or distribution of "Medicated Nerds Ropes" products is unlawful and that Tops has been enjoined by a United States District Court from doing so; and

    e. file with the Court and serve on Ferrara an affidavit setting forth in detail the manner and form in which Tops has complied with the terms of the injunction, in accordance with 15 U.S.C. § 1116.

3. Tops has such other and further relief as the Court deems just and equitable.

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Ferrara demands a trial by jury on all matters that may be so tried.

Dated: November 12, 2020

Respectfully submitted,

By: /s/Scott Lonardo

**PRANGER LAW PC**
Scott Lonardo
88 Guy Place, Suite 405
San Francisco, CA 94105
(415) 885-9800
slonardo@prangerlaw.com

**PATTISHALL, MCAULIFFE, NEWBURY, HILLIARD & GERALDSON LLP**
Phillip Barengolts
Jessica A. Ekhoff
Kristine A. Bergman
200 S. Wacker Dr., Ste. 2900
Chicago, IL 60606
(312) 554-8000
pb@pattishall.com
jae@pattishall.com
kab@pattishall.com