JS-6

1  Phillip Barengolts (pro hac vice)
2  PATTISHALL, MCAULIFFE, NEWBURY
   HILLIARD & GERALDSON LLP
3  200 South Wacker Drive, Suite 2900
   Chicago, IL 60606
4  (312) 554-8000
5  pb@pattishall.com

6  Eugene L. Hahm (SBN 167596)
   PRANGER LAW PC
7  88 Guy Place, Suite 405
   San Francisco, CA 94105
8  (415) 885-9800
   ehahm@prangerlaw.com
9

10  *Attorneys for Plaintiff*
11  *Ferrara Candy Company*

12           UNITED STATES DISTRICT COURT
             CENTRAL DISTRICT OF CALIFORNIA
13

14

15  FERRARA CANDY COMPANY,          )
16            Plaintiff,            )
17                                  )  Case No. 2:20-cv-10349-SVW-PD
        vs.                         )
18                                  )  **JUDGMENT AND PERMANENT
    TOPS CANNABIS and CHONNA        )  INJUNCTION**
19  CRISTELLE,                      )
20            Defendants.           )
21  _____ )

22

23

24

25

26

27

28

The Court, pursuant to the Stipulation for Entry of Judgment and Permanent Injunction, between Plaintiff Ferrara Candy Co. ("Ferrara") and the Defendants Tops Cannabis ("Tops") and Chonna Cristelle ("Cristelle"), hereby ORDERS, ADJUDICATES, and DECREES that final judgment, including permanent injunction, shall be and hereby is entered on the First Amended Complaint in the above-referenced matter as follows:

## JUDGMENT

IT IS HEREBY FOUND BY THE COURT, with the consent of the Plaintiff, Ferrara Candy Co. ("Ferrara") and the Defendants, Tops Cannabis ("Tops") and Chonna Cristelle ("Cristelle") that:

1.    This Court has jurisdiction over Ferrara, Tops, Cristelle, and over the subject matter of this action, and venue is proper.

2.    Cristelle owned Hello, LLC ("Hello"), a California limited liability company that provided marketing, logistics, and phone services to several companies and cannabis dispensaries, including Tops.

3.    Ferrara is engaged in the manufacture, distribution, sale, and marketing of well-known candy products, including its famous NERDS and NERDS ROPE candy, throughout the United States.

4.    Ferrara is the owner of the NERDS trademarks as reflected in part by its United States federal trademark registrations, including:

| MARK | REG. NO. | REG. DATE | RELEVANT GOODS |
|---|---|---|---|
| NERDS | 2,209,131 | December 8, 1998 | Candy in Class 30 |
| Nerds | 4,400,174 | September 10, 2013 | Candy in Class 30 |

(collectively referred to herein as "NERDS Marks"). These registrations are valid, subsisting and constitute conclusive evidence of Ferrara's exclusive right to use the NERDS Marks for the goods specified in the registrations. 15 U.S.C. § 1115(b).

5.    Since its introduction in the 1980s, the NERDS candy brand has achieved enormous commercial success throughout the United States, including in

California.  As a result of this commercial success, the NERDS Marks have become famous among the general consuming public of the United States, and represent extraordinarily valuable goodwill owned by Ferrara.

6.     Ferrara especially has marketed its NERDS and NERDS ROPE candy products to parents as a fun and enjoyable treat for children of all ages. Therefore, Ferrara would never condone or authorize the use of the NERDS Marks in connection with products that could be harmful to children.

7.     Ferrara filed its First Amended Complaint on January 29, 2021, alleging, *inter alia*, claims for trademark infringement, unfair competition and dilution under federal and California state law based on Tops' unauthorized marketing, sale, distribution, and advertising of THC-infused products bearing imitations of the NERDS Marks called "Medicated Nerds Rope."

8.     The manufacture, marketing, sale, distribution and advertising of Medicated Nerds Rope constitutes:

    a. trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114;

    b. unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and  California common law;

    c. dilution in violation of Section 43(c) of the Lanham Act, § 1125(c) and California Business and Professions Code §§ 14330-14335; and

    d. unfair competition in violation of California Business and Professions Code §§ 17200 *et seq*.

9.     Therefore, the Court finds that injunctive relief is appropriate.

## **ORDER**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED, with the consent of the Plaintiff Ferrara and the Defendants Tops and Cristelle that:

a) Tops, its agents, corporate and entity affiliates related through common ownership or control, servants, employees, agents, attorneys, heirs, executors, administrators, successors and assigns, and all persons or entities acting in concert or participation with them or any of them, including Hello, are hereby permanently enjoined from:

    i) the manufacture, marketing, sale, advertising, and distribution of Medicated Nerds Rope or any other unauthorized products bearing or advertised under the NERDS Marks, and any mark similar to or dilutive of the NERDS Marks; and

    ii) engaging in any other conduct that tends to falsely represent, or that is likely to confuse, mislead, or deceive consumers into believing, that Tops or its products or services are sponsored, approved, or licensed by Ferrara, or are in some way connected or affiliated with Ferrara.

b) Tops and all others holding by, through or under it, including Hello, are hereby required, jointly and severally, to:

    i) account for and pay over to Ferrara all profits derived from their acts of trademark infringement and unfair competition in accordance with 15 U.S.C. § 1117(a) and California common law after receipt of the cease and desist letter on June 16, 2020;

    ii) destroy any remaining Medicated Nerds Rope in their possession, including packaging, and any advertising, marketing, or promotional materials that include unauthorized uses of the NERDS Marks; and

    iii) send a notice to any existing customers or vendors that dealing in, selling, marketing or distributing Medicated Nerds Rope is unlawful.

c) This Court shall retain jurisdiction over this matter for the purpose of enforcing this Judgment.

//

//

d)  The action against Cristelle is dismissed without prejudice.

e)  Each party shall bear its own costs and attorneys' fees.


SO ORDERED:


Dated _____ , 2021
       May 4

_____

Stephen V. Wilson

United States District Court Judge